UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON, MA                               CIVIL ACTION NO.

| | |
|---|---|
| Veronica Dyer, as Administrator of and on behalf of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, Education Funds, and other Funds,  ("**Ms. Dyer**")<br>    Plaintiff,<br><br>v.<br><br>D & S Welding and Equipment, Inc.  ("**D&S**")<br>    Defendant, | VERIFIED COMPLAINT |
| **Reach and Apply Action (Count III)**<br><br>Ms. Dyer,<br>    Plaintiff<br><br>v.<br><br>Page Building Construction Co., Inc.,  ("**Page**")<br>    Reach and Apply Defendant. | |

## INTRODUCTION,
## REQUEST FOR TEMPORARY RESTRAINING ORDERS AND OTHER PRELIMINARY & PERMANENT INJUNCTIVE RELIEF

1. Plaintiff, employee benefits funds Administrator Ms. Veronica Dyer ("Ms. Dyer"), sues seeking $54,835.20, plus other amounts ("Delinquent Amounts") in accord with §§ 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and (d)(l) and 1145 and § 301 of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 185, to collect ERISA contributions and interest that Defendant D & S Welding and Equipment, Inc. ("D&S") owes pursuant to the terms of collective bargaining agreements recited or referenced in the attached Exhibit A ("CBA"). Plaintiff also seeks an ERISA recited injunctive relief, specifically, a temporary restraining order and a preliminary injunction to enjoin the Reach & Apply Defendant Page

1

Building Construction Co., Inc. ("Page") from issuing any payment it owes to Defendant D&S, up to the primary amount of this claim, i.e., $54,835.20. Ms. Dyer also seeks an ERISA governed Order from this Court to D&S that it provide weekly Remittance Reports (defined below), and stop making threats of violence to one of her employees.

### JURISDICTION & VENUE

2. The Court has jurisdiction over this action pursuant to § 502(a), (e) and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f), and jurisdiction pursuant to § 301 of the LMRA, 29 U.S.C. § 185, without respect to the amount in controversy or the citizenship of the parties.

3. Venue lies as all parties are located within the geographical jurisdiction of this Court.

### PARTIES

4. Plaintiff Ms. Dyer is the Administrator and collection agent for the Ironworkers District Council of New England Pension, Health and Welfare, Annuity, Vacation, Education Funds, and other Funds recited in the CBA (collectively "Funds"), and administers such Funds from a business office located at 161 Granite Avenue, Boston, Massachusetts.

5. Defendant D & S Welding and Equipment, Inc. ("D&S") is a Massachusetts Corporation with a principal place of business located at 191 Circuit Avenue, Weymouth, MA 02188.

6. For Count III Below:  Reach and Apply Defendant, Page Building Construction Co., Inc. ("Page"), is a Massachusetts corporation with a principal place of business at 135 Old Page Street, Stoughton, MA 02072.

### FACTS

7. Defendant D&S is an employer engaged in commerce within the meaning of § 3(5) and (12) of ERISA, 29 U.S.C. § 1002(5) and (12) and within the meaning of § 301 of the LMRA, 29 U.S.C. §185.

8. The Funds include jointly-trusteed, multi-employer plans within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3).

9. Ms. Dyer is an ERISA fiduciary. Specifically and among her other ERISA fiduciary duties, She:

   a. Oversees all administrative functions of the Funds;

   b. Is responsible for timely and accurate adjudication and payment of ERISA governed employee benefits;

   c. Is responsible for the timely collection and oversight of employer contributions owed to the Funds, including coordination with legal counsel to ensure timely claims for lien and surety bond claims and to institute legal actions to collect delinquent contributions, like those claimed here;

   d. Is responsible for effectively communicating plan and policy changes to plan beneficiaries and participants and for developing communication with Funds' plan beneficiaries and participants;

   e. Decides ERISA beneficiary and participant eligibility decisions in the first instance for fund participants and beneficiaries who apply for such covered benefits;

   f. Approves and denies ERISA claims filed by ERISA Plan beneficiaries and participants;

   g. Develops audit reports to various state and federal compliance agencies and boards;

   h. Is responsible for the cash control of the Funds, and for accurate reporting of such accounts and each of the ERISA Fund's cash flow;

   i. Keeps possession and control of and oversees the actual bank and financial accounts containing the Funds' assets;

   j. Is the supervisor signatory who drafts and endorses checks from ERISA trust accounts for payments to various accounts payable.

   k. Oversees these accounts and supervises the cosigning of such checks with a subordinate employee under Ms. Dyer's direct employ as Administrator; and

   l. Receives from employers bound to CBAs ERISA and Non-ERISA contributions, which she collects, holds in trust in a bank holding account, and distributes these contributions to various entities recited in the CBAs, primarily ERISA funds.

10. D&S executed and remains legally bound to the CBA.

11. Exhibit A reflects a true and genuine copy of the CBA.

12. The CBA requires D&S to, among other things, make ERISA and other contributions to the Funds for each hour worked by employees covered by the CBA ("Covered Employees").

13. By way of the CBA, D&S agreed to pay interest on the ERISA delinquent benefit contributions and ERISA governed liquidated damages. Exhibit B (Delinquency Procedure Policy).

14. The CBA also mandates that D&S submit weekly remittance reports ("Remittance Reports"), after each week D&S performed work covered by the CBA ("Covered Work") and employed Covered Employees.

15. D&S has continuingly refused and failed to provide timely Remittance Reports.

16. D&S is a construction industry employer and as such performs steel erection on many projects simultaneously primarily throughout Massachusetts and obtains contracts for new projects regularly. As such D&S moves Covered Employees from project to project as D&S deems appropriate for it to complete each project where it performs Covered Work, e.g., steel erection and installation.

17. For decades, D&S has often remained behind, delinquent, in paying timely contributions for various and sundry Covered Work projects, D&S has during this time paid contributions sporadically, and currently owes the Delinquent Amounts. In short, the amounts D&S's owes to the Funds fluctuates day to day. This increases costs to the Funds in keeping track of D&S's activity.

18. Given the nature of this action and the construction industry component, the Delinquent Amounts will likely change, i.e., fluctuate higher or lower, from the date the action was originally filed, depending on the number of projects and Covered Work D&S performs, collateral source payments recovered, interest that accrues, payments D&S makes to the Funds during the pendency of this action, and further delinquencies D&S incurs for Covered Work not yet known to Ms. Dyer.

19. D&S engaged in and continues to engage in not reporting to Ms. Dyer to avoid her ability to identify projects timely and secure delinquent contributions from projects' third-party collateral sources, e.g., public works surety payment bond claims payments and real

property wage & ERISA benefits non-payment liens under state law ("Collateral Sources") for labor D&S provided to such projects.

20. To date, however, D&S currently owes late payments interest to ERISA-related portions of the Funds in the amount of $1,919.66.

21. Because D&S refuses to provide timely Remittance Reports, Ms. Dyer currently knows that D&S is delinquent in making contributions for seven projects it performed in Massachusetts and Rhode Island. Exhibit C (D&S Delinquency Spreadsheet).

22. The Funds employ a Mr. Charles Wright, Compliance Officer, who must visit employer jobsites to ensure compliance with employers' ERISA obligations and other contribution obligations under the CBA.

23. On or about Thursday, August 25, 2022, Mr. Wright visited one D&S project in Carver, MA. (Exhibit D Wright Affd.).

24. As recited in Mr. Wright's Affidavit, Mr. Wright reported to Ms. Dyer's Office that Mr. Robert D'Andrea, Jr., owner of D&S, yelled at and physically threatened Mr. Wright for his being present on the project in the course of his duties for the Funds. Further at that time, Mr. D'Andrea also threw an object at Mr. Wright, which hit both Mr. Wright and his car. Later that same day, Mr. D'Andrea's father also threatened Mr. Wright. Id.

25. Absent a Court Order, D&S's threats to Mr. Wright will escalate, endangering the Funds' employee and making more expensive and difficult Ms. Dyer's ability to monitor D&S's elusive conduct.

26. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C.§ 1132(h).

## COUNT I
### (ERISA, Ms. Dyer v. D&S)

27. Plaintiff Ms. Dyer incorporates by reference each of the above paragraphs.

28. Absent an Order from this Court, D&S will continue to refuse and fail to pay the contributions timely, will refuse and fail to submit timely Remittance Reports, and will incur increasing interest it owes to the Funds; the Funds' participants will be irreparably harmed.

29. The failure of D&S to make payment of all ERISA contributions owed on behalf of all covered employees violates § 515 of ERISA, 29 U.S.C. § 1145.

30. This is an action by Ms. Dyer to recover the full amount of unpaid contributions through the date of the Judgment in this matter on behalf of the Funds and to collect interest on late-paid contributions, continuing interest on unpaid contributions, liquidated damages, and reasonable attorney's fees and costs, all pursuant to the CBA and ERISA.

## COUNT II
(Breach of Contract, LMRA § 301, Ms. Dyer v. D&S)

31. Ms. Dyer incorporates by reference each of the above paragraphs.

32. The CBA is a contract within the meaning of § 301 of the LMRA.

33. In further detail and as of the date the original Complaint was filed, D&S reported on Remittance Reports that it, D&S, owes the Funds delinquent contributions as follows:

| | | | |
|---|---|---|---|
| a. | Interest | $ 1,919.66 | Exhibit E (Interest Calculation); |
| b. | Washington St., Weymouth | $ 6,040.21 | Exhibit F (Remittance Reports); |
| c. | Worcester Airport, Worcester | $    763.20 | Exhibit G (Remittance Reports); |
| d. | Thayer Road, Waltham | $    919.44 | Exhibit H (Remittance Reports); |
| e. | Marshfield New Public Works | $ 2,612.31 | Exhibit I (Remittance Reports); |
| f. | Warwich Tree, Coventry, RI | $ 3,854.16 | Exhibit J (Remittance Reports); |
| g. | Elm St., Blackstone, MA | $32,864.79 | Exhibit K (Remittance Reports); and |
| h. | Spring St., Caver, MA | $ 5,861.43 | Exhibit L (Remittance Reports). |
| | Total | $54,835.20 | |

34. The failure of D&S to pay all contributions and interest owed on behalf of its Covered Employees violates the terms of the CBA.

35. The Funds, as third-party beneficiaries of the CBA, are entitled to recover the full amount of unpaid contributions through the date of the Judgment in this matter, plus all past-due interest on late-paid contributions, continuing interest on unpaid contributions, and legal fees incurred in the collection.

36. Absent an order from this Court, D&S will continue to refuse and fail to pay the amounts it owes under the CBA to the Funds and their participants will be irreparably harmed.

### COUNT III
### REACH & APPLY ACTION
(Plaintiff Dyer v. Page Construction)

37. Ms. Dyer incorporates by reference each of the above paragraphs.

38. Reach & Apply Defendant Page and is an employer engaged in commerce within the meaning of § 3(5) and (12) of ERISA, 29 U.S.C.§ 1002(5) and (12).

39. Page owes or will soon owe to D&S, upon information and belief, at least $54,835.20 for Covered Work D&S performed for Page on a project Marshfield, MA. Exhibit D (Affd. Wright). This project just begun. Exhibit D (Affd. Wright).

40. If Page issues payment to D&S, D&S will not pay any amounts to the Plaintiff, and the Funds and their participants and beneficiaries will be irreparably harmed.

41. This is action to reach any payment, up to $54,835.20, that Page owes or will owe to D&S and apply it to the amounts D&S owes to the Funds as stated above.

### REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court grant the following relief:

a. Enter a temporary restraining order, preliminary, and permanent injunctions enjoining the Reach-and-Apply Defendant Page from paying any money its owes to Defendant D&S, or to any person, vendor or company on behalf or on account of the Defendants, pending further Order of this Court;

7

b. Enter preliminary and permanent injunctions enjoining D&S from performing Covered Work while refusing or failing to abide by the CBA's provisions regarding payment of ERISA contributions;

c. Enter a temporary restraining order, preliminary, and permanent injunctions enjoining D&S from refusing or failing to make timely payment of ERISA contributions, interest, fees and damages owed to the Funds and from refusing or failing to provide timely <u>weekly</u> Remittance Reports for Covered Work performed;

d. Order the attachment of the machinery, inventory and accounts receivable of Defendant D&S;

e. Order D&S to make immediately available to Ms. Dyer for the ERISA portion of the Funds and their fiduciaries, updated statements revealing all of D&S's payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, and a complete listing of all job locations performed during the past two year period until the date of the Court's Order for the purpose of ascertaining the amounts, if any, of unpaid ERISA contributions for that period, and a complete list of all past, current, and Covered Work currently under contract to perform future projects, and a list of all accounts receivable due, and identify the entity that owes D&S any receivable or other thing of value;

f. Enter judgment in favor of the Ms. Dyer for the Funds on Counts I and II against D&S for all contributions owed and delinquent to the date of judgment, together with any additional amounts determined by the Court to be owed the Funds or which became due during the

pendency of this action, plus interest on the unpaid contributions, liquidated damages, and

attorneys' fees and costs, pursuant to 29 U.S.C.§ 1132(g)(2) and the CBA; and

g.  Such further and other relief as this Court may deem appropriate.

> Plaintiff, Ms. Veronica Dyer, Funds
> Administrator,
> By her and the Benefit Funds' attorney,
>
> /s/ Mickey Long
> Mickey Long BBO# 634388
> P.O. Box E-1
> 193 Old Colony Avenue
> Boston, MA 02127
> TEL: (617) 269-0229
> FAX: 617.765.4300
> mickeylong@outlook.com

August 31, 2022

### VERIFICATION

I, Veronica Dyer, Fund Administrator for the Iron Workers District Council of New Employee Benefit Funds, the Funds recited above, verify that I have read the above Verified Complaint. and the facts set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief and in Mr. Wright's Affidavit, and, as to those allegations, I am informed and believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 31st DAY OF AUGUST 2022.

Veronica Dyer, Administrator.